UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DONALD HUGHES and ROBERT HUGHES, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 06-4244-CV-C-SOW ) |
| FOX BROADCASTING COMPANY and PAUL SCHEURING, | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' MOTION TO STRIKE "DECLARATION OF EDWARD A. RUTTENBERG" AND FOR SANCTIONS

COMES NOW Plaintiffs Donald Hughes and Robert Hughes (collectively the "Plaintiffs") and moves this Court, to Strike the "Declaration of Edward A. Ruttenberg" filed by Defendants Fox Broadcasting Company and Paul Scheuring (collectively the "Defendants") in support of Defendants' Motion for Summary Judgment and states to this Court the following and files concurrently herewith their Memorandum in Support of this Motion:

1. On May 14, 2007, Defendants filed a Motion for Summary Judgment with attached exhibits in support. Although the exhibits were not labeled, they consisted of the following: 1. Declaration of Edward Ruttenberg (with attached exhibits A through J); 2. Declaration of Paul Scheuring; 3. Declaration of Jennifer DeChiara; and 4. Declaration of Susan Gurman.

2. On May 14, 2007, Defendants' filed a Memorandum in Support of Defendants Motion for Summary Judgment which contained Defendants' Statement of Uncontroverted Facts.

3. The Declaration of Edward A. Ruttenberg (hereinafter the "Ruttenberg Affidavit"), as submitted as an exhibit, is governed by Rule 56(e) of the Federal Rules of Civil Procedure which pertains to affidavits filed in support of and against a Motion for Summary Judgment.

4. Edward A. Ruttenberg was admitted, *pro hac vice*, to appear in this instant action as counsel for Defendants.

5. As counsel for Defendants, Edward A. Ruttenberg is biased and has a personal interest in this litigation.

6. Edward A. Ruttenberg has not been designated as an expert by Defendants and has no qualifications to give expert testimony on the subject matter before this Court in Defendants' Motion for Summary Judgment.

7. Edward A. Ruttenberg is not a competent witness to testify at trial in this case.

8. Exhibit B attached to the Ruttenberg Affidavit consisting of Mr. Ruttenberg's, "objective detailed summary of the Biography/Manuscript" does not contain "facts" that would be admissible into evidence in accordance with Rule 56(e) of the Federal Rules of Civil Procedure. Edward A. Ruttenberg even states in Paragraph 5 of the Ruttenberg Affidavit that, "I have prepared [the objective detailed summary] for the Court's convenience and any assistance that it might provide."

9. Exhibits E, F, and G attached to the Ruttenberg Affidavit consisting of Mr. Ruttenberg's, "objective scene-by-scene summaries" of episodes 1-3 of the T.V. Series Prison Break does not contain "facts" that would be admissible into evidence in accordance with Rule 56(e) of the Federal Rules of Civil Procedure. Edward A. Ruttenberg even states in Paragraph 8

of the Ruttenberg Affidavit that the objective scene-by-scene summaries were prepared "for the Court's convenience and any assistance that such summaries might provide."

10. Exhibits H and I attached to the Ruttenberg Affidavit consisting of Mr. Ruttenberg's, "objective scene-by-scene summaries" of episodes 22 and 23 of the T.V. Series Prison Break does not contain "facts" that would be admissible into evidence in accordance with Rule 56(e) of the Federal Rules of Civil Procedure. Edward A. Ruttenberg even states in Paragraph 8 of the Ruttenberg Affidavit that the objective scene-by-scene summaries were prepared "for the Court's convenience and any assistance that such summaries might provide."

11. Exhibit J attached to the Ruttenberg Affidavit consisting of Mr. Ruttenberg's, "detailed comparison of the characters of the two brothers in the respective works" does not contain "facts" that would be admissible into evidence in accordance with Rule 56(e) of the Federal Rules of Civil Procedure. Edward A. Ruttenberg even states in Paragraph 9 of the Ruttenberg Affidavit that the detailed comparison of the characters of the two brothers in the respective works was prepared "for the Court's convenience and any assistance that it may provide."

12. The Ruttenberg Affidavit largely provides Mr. Ruttenberg's own personal summaries and comparisons and provides no evidentiary value whatsoever. Mr. Ruttenberg is counsel for the Defendants, admitted *pro hac vice*, and is not a literary expert nor should he be deemed as such by this Honorable Court. The Ruttenberg Affidavit has clearly been presented in bad faith, warranting an award of sanctions in the form of reasonable attorneys fees in accordance with Rule 56(g) of the Federal Rules of Civil Procedure.

3

13. The undersigned has expended five (5) hours on the preparation, including case research, and filing of this Motion and the Memorandum filed concurrently herewith. Counsel's hourly rate is $150.00 per hour.

WHEREFORE, for the foregoing reasons, Plaintiffs pray this Court to enter an order Striking the "Declaration of Edward A. Ruttenberg" filed by Defendants in support of Defendants' Motion for Summary Judgment, an order for Defendants to pay Plaintiffs their reasonable attorney's fees and for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
James W. Schottel, Jr.
Attorney Bar No. 51285
1221 Locust St., Fl 8
St. Louis, Missouri 63103
(314) 421-0350
(314) 421-4060 facsimile
jwsj@schotteljustice.com

Attorney for Plaintiffs
Donald Hughes
Robert Hughes

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

>Bernard J. Rhodes
>brhodes@lathropgage.com
>
>Louis P. Petrich
>lpetrich@lpsla.com
>
>Edward A. Ruttenberg
>eruttenberg@lpsla.com
>
>Attorneys for Defendants
>Fox Broadcasting Company
>Paul Scheuring
>
>
>s/*James W. Schottel, Jr.*

5

Case 2:06-cv-04244-SOW    Document 30    Filed 07/02/07    Page 5 of 5